# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONSHEEK BASKERVILLE,** | : | CIVIL ACTION NO. 1:18-CV-2227 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **UNITED STATES FEDERAL PROBATION,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Ronsheek Baskerville ("Baskerville"), an inmate confined at the Columbia County Prison, in Bloomsburg, Pennsylvania. The sole named respondent is the United States Federal Probation. For the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

## I. **Factual Background & Procedural History**

On July 1, 2003, Baskerville pled guilty to possession of counterfeit United States currency, in violation of 18 U.S.C. § 472, and to possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g). United States v. Baskerville, No. 1:03-CR-86, Doc. 22 (M.D. Pa.). On October 29, 2003, Baskerville was sentenced to 130 months' imprisonment on the counterfeiting count and 120 months' imprisonment on the felony possession count, to be served concurrently. Id., Doc. 33. Baskerville was also sentenced to 3 years of supervised release on each count, to run concurrently. Id.

On February 20, 2004, this court granted the government's motion for reduction of sentence and reduced Baskerville's sentence to 100 months on each count, to be served concurrently. Id., Doc. 47. All other terms of the sentence remained the same. Id. Baskerville filed an appeal to the United States Court of Appeals for the Third Circuit, which affirmed the judgment of sentence. See United States v. Baskerville, 98 F. App'x 185 (3d Cir. 2004) (nonprecedential). Baskerville then filed a petition for writ of certiorari with the United States Supreme Court. Baskerville, No. 1:03-CR-86, Doc. 49. The United States Supreme Court granted Baskerville's petition for certiorari, vacated the judgment, and remanded the case to the Third Circuit for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Id., Doc. 50. The Third Circuit then remanded the matter to this court. Id., Doc. 52.

On July 19, 2005, this court again sentenced Baskerville to 100 months' imprisonment on each count, to be served concurrently. Id., Doc. 60. The terms of supervised released remained the same. Id. Baskerville filed an appeal to the Third Circuit arguing that the sentencing court failed to adequately consider the 18 U.S.C. § 3553(a) sentencing factors and state its reasons for reimposing the 100-month sentence. Id., Doc. 61. On May 16, 2006, the Third Circuit affirmed the judgment of sentence. United States v. Baskerville, 181 F. App'x 199 (3d Cir. 2006) (nonprecedential).

On March 3, 2015, Baskerville began serving his term of supervised release. While on supervised release, Baskerville committed a felony drug offense and was

prosecuted in the Dauphin County Court of Common Pleas. Commonwealth v. Baskerville, No. CP-22-CR-0004315-2015 (Pa. Ct. Com. Pl. Dauphin Cty). On April 29, 2016, Baskerville pled guilty in state court and was sentenced to 3-12 months' imprisonment. Id. As a result of this conduct, we revoked Baskerville's term of supervised release. Baskerville, No. 1:03-CR-86, Doc. 98. On June 28, 2016, this court sentenced Baskerville to 24 months' imprisonment, followed by one year of supervised release. Id. On April 21, 2017, Baskerville was released and began to serve his one-year term of supervised release. The expected termination date was April 20, 2018. (Doc. 10 at 2; Doc. 11 at 2).

On January 27, 2018, while still on supervised release, Baskerville was arrested for possession with the intent to distribute a controlled substance, possession of drug paraphernalia, flight to avoid apprehension, fleeing and eluding, driving under suspension, careless driving, and driving the wrong way. See Baskerville v. City of Harrisburg, No. 1:19-CV-420, Doc. 13 & Ex. A (M.D. Pa.). Baskerville was subsequently charged with the events underlying his arrest and was detained in the Dauphin County Prison. Id. On January 30, 2018, a warrant was issued based on Baskerville's violation of the terms of his supervised release conditions. Baskerville, No. 1:03-CR-86, Doc. 103. The warrant was lodged at the Dauphin County Prison where Baskerville was being held on the state charges.

On February 22, 2018, Baskerville was charged with two additional firearm offenses in state court. See Baskerville v. City of Harrisburg, No. 1:19-CV-420, Doc. 13 at 1.

3

On April 13, 2018, a second superseding petition for a supervised release warrant was filed in federal court based on the charges of unlawful possession of a firearm and carrying a firearm without a license. (Doc. 10 at 4; Doc. 11 at 5). Baskerville remained in custody on the state charges and the supervised release warrant was lodged as a detainer.

Baskerville's state gun-possession charges were eventually federalized, and, on January 23, 2019, he was indicted by a federal grand jury on a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). See United States v. Baskerville, No. 1:19-CR-33, Doc. 1 (M.D. Pa.). On February 5, 2019, Baskerville appeared before United States Magistrate Judge Susan E. Schwab for his initial appearance and arraignment. Id., Doc. 12. Magistrate Judge Schwab determined that Baskerville was a danger to the community and a flight risk and entered an order detaining Baskerville pending trial. Id. On August 22, 2019, a superseding indictment was filed against Baskerville. Id., Doc. 24. On April 29, 2020, Baskerville filed a motion for bail, citing COVID-19 concerns. Id., Docs. 57, 58. On May 19, 2020, United States Magistrate Judge William Arbuckle denied the request for release from detention. Id., Docs. 69, 70. Jury selection and trial are scheduled to commence on June 2, 2021 in front of Chief United States District Judge John E. Jones III. Id., Doc. 89.

In the instant § 2241 habeas petition, Baskerville contends that his one-year term of supervised release expired while he was in state custody. (Doc. 1 at 2). He argues that there was never a hearing to determine if he violated his supervised

4

release and, therefore, his supervised release should be terminated, and the detainer lifted. (Id. at 2-3).

## II. Discussion

Section 2241 of Title 28 provides, in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
...

(3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). Thus, to invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody"; and, (2) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).

Baskerville has been in custody since his arrest on January 27, 2018 and is being held on state charges at the Columbia County Prison. Baskerville is not being held on the federal detainer. See Federal Bureau of Prisons online inmate locator system, https://www.bop.gov/inmateloc/ (providing that Baskerville was released from BOP custody on April 21, 2017). Although this court lodged a detainer with prison authorities, it is not the basis for Baskerville's present confinement.

5

Baskerville has not shown that he is in custody pursuant to the detainer. In fact, he states that, "[o]n January 29, 2018, petitioner *attempted* to post bail and was informed by Dauphin County Prison records that a federal supervised release detainer has been lodged, and if bail was posted, petitioner would remain in United States custody until the outcome of local or state criminal charges." (Doc. 11 at 1) (emphasis added). Baskerville acknowledges that he remains in pretrial detention. (Id. at 2). Because Baskerville is not "in custody" pursuant to the detainer, he may not seek relief under § 2241. See Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 52 (3d Cir. 2016) (*per curiam*) (holding that a detainer does not place prisoner "in custody" for purposes of habeas proceeding); see also Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009) (nonprecedential) (citing Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003)) ("agree[ing] with the majority of circuit courts considering this issue and hold[ing] that prisoners are not 'in custody' for the purpose of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.").

### III. Conclusion

The court will dismiss the habeas petition filed pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: May 17, 2021